the inquiry of the court. It was then that I remarked, that it could hardly be expected that twelve men would at once agree upon any subject of any difficulty, and that it was a duty they owed to each other to exercise patience and forbearance in their discussions; to listen calmly to one another, and truly endeavour to come at last to the same opinion.

In making this laborious examination of these reasons for a new trial, I have been governed, as may be seen, not by the difficulties I found in them, but by my respect for the counsel who has considered and treated them as matters of importance.

Rule to show cause why a new trial should not be granted, discharged.

## Case No. 15,152.

### UNITED STATES v. FOUR THOUSAND AMERICAN GOLD COINS.

[See Case No. 14,439.]

## Case No. 15,153.

### UNITED STATES v. FORTY-EIGHT HUNDRED GALLONS OF SPIRITS.

[4 Ben. 471;[1] 3 Chi. Leg. News, 130; 13 Int. Rev. Rec. 52.]

District Court, E. D. New York. Jan. 10, 1871.

INTERNAL REVENUE — FORFEITURE — PLEADING— CONSTRUCTION OF STATUTE—EVIDENCE— PERSONAL PROPERTY.

1. The 96th section of the internal revenue act of July 20, 1868 (15 Stat. 164), is to be construed to mean, that where the statute has attached no punishment to the doing or omitting of acts required or forbidden, such act or omission, when knowingly or wilfully committed, shall be punished by the infliction of the penalty and forfeiture provided by that section.

[Cited in U. S. v. One Thousand Four Hundred and Twelve Gallons Distilled Spirits, Case No. 15,960.]

2. Proof that tubs were so placed in a distillery that they could be used contrary to the internal revenue acts, is not sufficient to warrant the court in finding that they have been so used.

3. Where, in accordance with the practice in this district, in forfeiture cases, an information had been filed containing numerous counts, and the district attorney had before the trial filed a specification of the counts on which he intended to rely, but on the trial evidence was offered which it was claimed established an offence not embraced in the specification: *Held*, that the omission to include it in the specification was fatal.

4. Distilled spirits found on the premises on which the business of distilling is carried on, being the product of such business, are not "personal property used in the business" within the meaning of the 19th section of the act of July 20, 1868 (15 Stat. 133).

At law.

B. F. Tracy, U. S. Dist. Atty.

Veeder & Wood, for claimant.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 13 Int. Rev. Rec. 52, contains only a partial report.]

BENEDICT, District Judge. This is a proceeding in rem, to forfeit certain distilled spirits belonging to Mathew Brady, and seized at his distillery. The cause has been tried before the court without a jury, by consent.

The distillery used by the claimant, it appears, was formerly a grain distillery, but was surveyed and accepted, to be used by Brady as a molasses distillery. When used as a grain distillery, it had a mixing tub, placed above the mash tub, known as "tub M" in these proceedings, which was connected with the mash tubs by pipes. When the place was surveyed and accepted as a molasses distillery, this tub M, which, from its character, and location, could be used as a fermenting tub, was permitted to remain as it was, but was not described as a fermenting tub in any plan or description. There was also in the yard a cistern or receptacle, which could be used as a mixing tub for molasses, and which was connected by hose with tub M.

There was also in the cistern room a hole in the wall, through which hose could pass out of the spirit cistern, and also a sort of man hole in the roof, through which ingress could be had to attach the hose. The distillery was, therefore, so arranged, that, by using the cistern in the yard as a mixing tub, and the tub M as a fermenting tub, the capacity of the distillery would be increased beyond the capacity shown on the plan; while any increased production could be removed from the cistern by the hose. Moreover, the distillery was permitted to run for some time without any night watchman, and the day watchman never informed himself of the condition of the cistern room. These facts have been proved, as tending to show that the specific acts and omissions charged against the distiller were accompanied with the intent to defraud, and to conceal from the revenue officers facts required to be stated in his books. They are material only for that purpose, and do not of themselves work a forfeiture of the property in question, under any of the counts in this information. But there are other facts shown, and others offered to be shown, which, it is claimed, do work the forfeiture of the spirits proceeded against. In considering these proofs, it will be convenient first to determine the construction to be put, by this court, upon section 96 of the act of 1868, upon which section many of the present charges depend.

The ground taken on the part of the government is, that section 96 is to be construed as if it read thus: "If no other penalty or punishment is imposed, there shall be a penalty of $1,000; and the offender, if a distiller, shall forfeit all spirits owned by him, whether punishable otherwise or not." But I am unable so to read the law. As I view this section, it manifests an intent to cover, by a general provision, those instances in the statute where acts have been enjoined or